IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | § § § |
| *Plaintiff,* | § § |
| v. | § CIVIL ACTION NO. 1:10-cv-510 § § |
| DYNMCDERMOTT PETROLEUM OPERATIONS COMPANY | § § § |
| *Defendant.* | § **JURY TRIAL DEMANDED** |

**PLAINTIFF'S ORIGINAL COMPLAINT**

This is an action under Title I to the Americans With Disabilities Act, as amended (the "ADA"), 42 U.S.C. § 12101, *et seq*., the Age Discrimination in Employment Act, as amended (the "ADEA")  29 U.S.C. § 621, *et seq*., and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of age and disability.  As alleged with greater particularity below, Plaintiff the Equal Employment Opportunity Commission ("Plaintiff" or the "Commission") would show that Defendant DynMcDermott Petroleum Operations Company ("Defendant" or "DynMcDermott") failed to hire Charging Party Phillip ("Mike") Swafford ("Swafford" or the "Charging Party") because of his age, then 56 years, in violation of the ADEA, and because of his association with a family member with a disability, in violation of the ADA and 29 C.F.R. § 1630.8.

1

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 7(b) of the ADEA, as amended, 29 U.S.C. § 626(b), which incorporates by reference Sections 16(c) and 17 of the Fair Labor Standards Act of 1938 (the "FLSA"), as amended, 29 U.S.C. §§ 216(c) and 217, and pursuant to Section 107(a) of the ADA, as amended, 42 U.S.C. § 12117(a), which incorporates by reference Sections 705, 706(f)(1) and (3), 707, 709 and 710 of Title VII to the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e-4, 2000e-5(f)(1) and (3), 2000e-6, 2000e-8 and 2000e-9, as amended.

2. Venue is proper within the jurisdiction of the United States District Court for the Eastern District of Texas, Beaumont Division.

3. The employment practices alleged to be unlawful were committed in Jefferson County, Texas, which is within the jurisdiction of the United States District Court for the Eastern District of Texas, Beaumont Division.

## PARTIES

4. Plaintiff is the agency of the United States of America charged with the administration, interpretation and enforcement of the ADEA and Title I of the ADA, and is expressly authorized to bring this action by Section 7(b) of the ADEA, 29 U.S.C. § 726(b), as amended by Section 2 of Reorganization Plan No. 1 of 1978, 92 Stat. 3781, and by Public Law 98-532 (1984), 98 Stat. 2705, as well as Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates Sections 705, 706, 707, 709 and 710 of Title VII, 42 U.S.C. §§ 2000e-4, 2000e-5, 2000e-6, 2000e-8 and 2000e-9, as amended.

5. At all relevant times, Defendant has continuously been a Louisiana corporation doing business in the State of Texas and Jefferson County, Texas, and has continuously had at least twenty (20) employees.

6. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 11(b), (g) and (h) of the ADEA, 29 U.S.C. §§ 630(b), (g) and (h) and Sections 101(2), (5)(A) and 7 of the ADA, 42 U.S.C. §§ 12111(2), (5)(A) and (7), which incorporates Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

7. Defendant may be served with process by serving its registered agent, CT Corporation System, 350 N. St, Paul St., Suite 2900, Dallas, Texas 75201-4234..

## **CONCILIATION**

8. More than thirty (30) days prior to the institution of this lawsuit, the Charging Party filed a charge with the Commission alleging violations of the ADEA and the ADA by DynMcDermott. Prior to institution of this lawsuit, the Commission's representatives attempted to eliminate the unlawful employment practices alleged below, and to effect voluntary compliance by Defendant with the ADEA and the ADA through informal methods of conciliation, conference, and persuasion within the meaning of Section 7(b) of the ADEA, 29 U.S.C. § 626(b) and Section 706(b) of Title VII, 42 U.S.C. § 2000e-5(b), as incorporated by Section 107(a) of the ADA, 42 U.S.C. § 12117(a). All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF CLAIMS

9. Respondent is a privately held company that provides maintenance and operations services for the Strategic Petroleum Reserve ("SPR"), which is managed by the U.S. Department of Energy ("DOE").

10. Since at least February 2008, Defendant has engaged in unlawful employment practices. These unlawful actions are in violation of Sections 4(a)(1) and 7(b) of the ADEA, 29 U.S.C. §§ 623(a)(1) and 626(b), and Sections 102(a) and (b)(4) of the ADA, 42 U.S.C. §§ 12112(a) and (b)(4), as interpreted and explained by 29 C.F.R. § 1630.8.

11. In June 2003, Mr. Swafford was laid off by Respondent after working for it at its "Big Hill" site in Jefferson County, Texas, for approximately four and one-half years. For approximately two and one-half of those years, Mr. Swafford held the position of Maintenance Planner/Scheduler.

12. On February 26, 2008, at the invitation of his former supervisor, June DuBois ("DuBois"), the Lead Planner/Scheduler, the Charging Party interviewed in person for the position of Maintenance Planner/Scheduler that he had previously held at DynMcDermott. The interview was conducted by the members of the hiring committee, including Ray Wood ("Wood"), Maintenance Manager; Deborah Hojem ("Hojem"), Operations and Maintenance Director; and DuBois.

13. When he applied for the position in 2008, the Charging Party was 56 years of age, and his wife suffered from a disability, *i.e.,* a form of cancer, which required on-going care.

14. During the interview, Wood asked Mr. Swafford questions about his wife's condition and the effect it might have on his attendance should he be given the job. Nonetheless, both Wood and DuBois recommended the Charging Party be hired for the position.

15. During the hiring process, Tim Lewis ("Lewis"), Respondent's Site Manager/Director, was the highest-level supervisory position at the Bill Hill site. During the hiring process, Lewis made disparaging references to Mr. Swafford's age and his [Charging Party's] wife's illness. He also told his subordinates that the Charging Party should not be hired for the position because of his age and his wife's condition. These statements were made directly to DuBois and another Planner/Scheduler, and to a group of managers at a management meeting attended by Wood and various DOE employees, when the candidates for the Maintenance Planner/Scheduler position were discussed.

16. Wood disagreed with Lewis' disparaging statements at the management meeting. After Wood opposed Lewis' comments, Lewis issued a written reprimand and warning against Wood based on Wood's purported "insubordination."

17. On or about March 26, 2008, the Charging Party was informed that he would not be hired for the position.

18. On May 7, 2008, Mark E. Thomas ("Thomas"), a 35 year old applicant, was hired for the Maintenance Planner/Scheduler position.

19. Thomas was not more qualified than the Charging Party. Unlike Mr. Swafford, Thomas had not previously held the position of Maintenance Planner/Scheduler for DynMcDermott.

20. The decision to hire Thomas, who is 20 years younger than the Charging Party, and to not hire the Charging Party, was made either by Lewis directly or by Wood, who was well aware of Lewis' insistence that Mr. Swafford not be hired because of his age, over 50, and his wife's disability.

5

21. By impermissibly using supervisory leverage over Wood, Lewis mandated the discriminatory decision to not hire the Charging Party.

22. The effect of these unlawful practices has been to deprive Mr. Swafford of equal employment opportunities, and to otherwise adversely affect his employment status as an applicant because of his age, over 40, and his association with his wife, an individual with a disability, cancer, within the meaning of the ADA.

23. The unlawful employment practices complained of in paragraphs 10 and 12-22 above were willful within the meaning of Section 7(b) of the ADEA, 29 U.S.C. § 626(b) and Section 706(g)(1) of Title VII, 42 U.S.C. § 2000e-5(g)(1), as incorporated by Section 107(a) of the ADA, 42 U.S.C. § 12117(a).

24. The unlawful employment practices described above were intentional and were committed with malice or with reckless indifference to the federally protected civil rights of Mr. Swafford.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, successors, assigns, and all persons in active concert or participation with Defendant, from engaging in employment practices which discriminate on the basis of age and/or disability.

B. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with Defendant, from engaging in retaliation against employees who make good-faith complaints of employment discrimination or who otherwise oppose such discriminatory conduct.

C. Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for applicants and employees regardless of their age and or their disability or their association with an individual with a disability under the ADA, and which eradicate the effects of Defendant's past and present unlawful employment practices.

D. Order Defendant to make whole Phillip Swafford, who was victimized by age and disability discrimination complained of in paragraphs 10 and 12-22 herein by providing appropriate back pay in an amount to be determined at trial, and because of the willfulness of Defendant's actions, an equal sum as liquidated damages or prejudgment interest in lieu thereof, pursuant to the ADEA.

E. Order Defendant to make whole Phillip Swafford by providing any other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to, instatement where appropriate or an award of front pay in an amount to be proved at trial if instatement is impractical.

F. Order Defendant to make whole Phillip Swafford by providing compensation for past and future pecuniary losses resulting from the unlawful practices described above, including reimbursement of out-of-pocket expenses incurred as a result of the unlawful practices complained of in paragraphs 10 and 12-21 herein.

G. Order Defendant to make whole Phillip Swafford by paying compensatory damages to him for his past and future non-pecuniary losses including emotional pain, suffering, inconvenience, mental anguish, and other non-pecuniary losses he suffered as a result of the unlawful employment practices described above in amounts to be proven at trial.

H. Award punitive damages to Phillip Swafford for Defendant's malicious and/or reckless conduct described above, in amounts to be proven at trial, pursuant to the ADA.

I. Award pre-judgment post-judgment interest on all amounts recovered as allowed by law.

J. Grant such further relief as the Court deems necessary and proper in the public interest.

K. Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Respectfully submitted,

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

P. DAVID LOPEZ
General Counsel

JAMES LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel
131 M Street, N.E.
Washington, D.C. 20507


 /s/ Connie K. Wilhite
Connie K. Wilhite
Attorney-in-Charge
Texas Bar No. 00792916
Equal Employment Opportunity Commission
1919 Smith Street, 6th Floor
Houston, Texas 77002
(713) 209-3390
(713) 209-3402 [facsimile]
connie.wilhite@eeoc.gov

OF COUNSEL:

Jim Sacher
Regional Attorney

Rose Adewale-Mendes
Supervisory Trial Attorney

Equal Employment Opportunity Commission
1919 Smith Street, 6th Floor
Houston, Texas 77002