

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | § § § | |
| *Plaintiff,* | § § | |
| v. | § § | CIVIL ACTION NO. 1:10-CV-510-TH JURY |
| DYNMCDERMOTT PETROLEUM OPERATIONS COMPANY, | § § § | |
| *Defendant.* | § § | |

## MEMORANDUM OPINION AND ORDER DENYING MOTION FOR ATTORNEY FEES, PARALEGAL FEES AND EXPERT EXPENSES BY PREVAILING DEFENDANT

Before the Court is *Defendant's Motion for Attorneys' Fees, Paralegal's Fees, and Expert Expenses Against Plaintiff* [Clerk's Docket No. 120] filed February 28, 2012.  Having considered the motion and the plaintiff's response, the Court is of the opinion that the motion should be denied.

## I.  FACTUAL & PROCEDURAL BACKGROUND

The Equal Employment Opportunity Commission (EEOC) filed this employment discrimination case on behalf of Phillip Michael Swafford on August 26, 2010.  *See Complaint* [Clerk's Docket No 1].  The claims for discrimination arise under the AMERICANS WITH DISABILITIES ACT (ADA), codified at 42 U.S.C. § 12101 *et seq*., and the AGE DISCRIMINATION IN EMPLOYMENT ACT (ADEA), codified at 29 U.S.C. § 621 *et seq*.  The EEOC contends that DynMcdermott discriminated against Swafford based upon his age and his association with a family member with a disability.  *See Complaint* [Clerk's Docket No 1].  This Court dismissed the case on defendant's motion for summary

judgment and entered a final judgment on February 15, 2012.  *See Amended Memorandum Opinion and Order*; *Final Judgment* [Clerk's Docket Nos. 118, 119].  Defendant then filed this motion seeking attorney's fees and expert expenses in the amount $180,507.50.

## II.  LEGAL BACKGROUND

A.  <u>Availability of Legal and Expert Witness Fees to Prevailing Defendant Under the ADA</u>

The ADA provides that the court "in its discretion, may allow the prevailing party . . . a reasonable attorney's fee, including litigation expenses, and costs, and the United States shall be liable for the foregoing the same as a private individual."  42 U.S.C. § 12205.

The Fifth Circuit has determined that because of the similarity in language Congress used in the statutes, the principles supporting fee-shifting under Title VII and Section 1988 apply with equal force to the ADA's fee-shifting provision.  *No Barriers, Inc. v. Brinker Chili's Tex., Inc.,* 262 F.3d 496, 498 (5th Cir. 2001).  Under that standard, a prevailing defendant may not receive fees unless the court finds that the plaintiff's claim was "frivolous, unreasonable, or groundless, or that the plaintiff continued to litigate after it clearly became so." *Christiansburg Garment Co. v. E.E.O.C.,* 434 U.S. 412, 421-22, 98 S.Ct. 694, 54 L.Ed.2d 648 (1978);  *E.E.O.C. v. Agro Distribution*, 555 F.3d 462, 472 (5th Cir. 2009).

While the statute is facially neutral, the standard for awarding fees to prevailing defendants is more rigorous than for prevailing plaintiffs, making fees presumptively unavailable to defendants absent the *Christanburg* showing. *Dean v. Riser,* 240 F.3d 505, 508 (5th Cir. 2001).  This added burden seeks to prevent a chilling effect on the enforcement of civil rights.  *Id. at 510.*  The "'stringent standard

applicable to defendants is intended to ensure that plaintiffs with uncertain but arguably meritorious claims are not altogether deterred from initiating litigation by the threat of incurring onerous legal fees should their claims fail.'" *Myers v. City of W. Monroe,* 211 F.3d 289, 292 n.1(5th Cir. 2000).

In assessing whether an award of attorney's fees in favor of a defendant is appropriate, the court should consider whether the suit is so "lacking in arguable merit as to be groundless or without foundation rather than whether the claim was ultimately successful." *See Stover v. Hattiesburg Pub. Sch. Dist.,* 549 F.3d 985, 998 (5th Cir. 2008). The Fifth Circuit has directed courts to consider factors such as: whether the plaintiff established a *prima facie* case; whether the defendant offered to settle; and whether the court held a full trial. *Myers,* 11 F.3d 289 at 292. "These factors are, however, guideposts, not hard and fast rules. *Doe v. Silsbee Ind. School District,* 440 Fed. Appx. 421 (5th Cir. 2011)(citing *E.E.O.C. v. L.B. Foster Co.,* 123 F.3d 746, 751 (3d Cir.1997)). "Determinations regarding frivolity are to be made on a case-by-case basis." *Id.*

"It is important that a district court resist the understandable temptation to engage in *post hoc* reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation." *Christiansburg,* 434 U.S. at 421–22, 98 S.Ct. 694. "This kind of hindsight logic could discourage all but the most airtight claims, for seldom can a prospective plaintiff be sure of ultimate success." *Id.*

The dismissal of a plaintiff's claims before they reach the jury does not compel the award of attorney's fees in favor of a prevailing defendant. *E.E.O.C. v. Agro Distribution*, 555 F.3d at 472 (5th Cir.

2009).  "Allegations that, upon careful examination, prove legally insufficient to require a trial are not, for that reason alone, 'groundless' or 'without foundation' as required by *Christiansburg*." *See Doe v. Silsbee Ind. School District*, 440 Fed. Appx. 421.  "Even when the law or the facts appear questionable or unfavorable at the outset, a party may have an entirely reasonable ground for bringing suit." *Id.*

B.    Availability of Legal Fees to Prevailing Defendant Under the ADEA

The ADEA incorporates by reference the remedial scheme of the FAIR LABOR STANDARDS ACT (FLSA).  *See* 29 U.S.C. § 626(b).  Unlike legislation authorizing fee awards to prevailing parties generally, the FLSA does not contemplate attorney fee  awards to prevailing defendants.  The FLSA's fee-shifting provision refers only to prevailing plaintiffs: "The court . . . shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant." *See* 29 U.S.C. § 216(b); *see also Moss v. BMC Software*, 2009 WL 1810963 (S.D.Tex. Jun 25, 2009), *aff'd* 610 F.3d 917 (5th Cir. 2010). The Court must therefore look beyond the FLSA for an exception to the American Rule under which each party bears his own litigation expenses.

It has long been understood that courts have certain inherent powers "governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs."   *Chambers v. NASCO, Inc.,* 501 U.S. 32, 45-46, 111 S.Ct. 2123, 2133 115 L.Ed.2d 27 (1991).  One such power is the authority to assess attorney fees as a sanction where "a party has 'acted in bad faith, vexatiously, wantonly, or for oppressive reasons.'" *Id.*; *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y,* 421 U.S. 240, 258-59, 95 S.Ct. 1612, 1622-23, 44 L.Ed.2d 141 (1975).  The ADEA does not preclude application of the common law rule that a prevailing defendant may obtain attorney's fees if the plaintiff litigated in bad

-4-

faith.  *See Flanagan v. Havertys Furniture Cos.*, 484 F.Supp.2d 580, 581 (W.D. Tex. 2006)(no fee awarded prevailing defendant where plaintiff failed to make *prima facie* case under ADEA and claim was without merit ); *Mach v. Will County Sheriff*, 580 F.3d 495 (7th Cir. 2009).  The bad-faith exception is not limited to suits filed in bad faith, but also encompasses bad faith acts preceding and during litigation.  *Roadway Exp., Inc. v. Piper,* 447 U.S. 752, 765-66, 100 S.Ct. 2455, 2464, 65 L.Ed.2d 488 (1980). "Like other sanctions, attorney's fees certainly should not be assessed lightly."  *Id.* 447 U.S. at 767, 100 S.Ct. at 2464. The court is mindful that "inherent powers must be exercised with restraint and discretion." *Chambers ,*501 U.S. at 44, 111 S.Ct. at 2123.  "The threshold for the use of the inherent power to impose sanctions is high and a specific finding of bad faith must be made.  *Toon v. Wackenhut Corrections Corp.*, 250 F.3d 950, 952 -953 (5th Cir. 2001).

### III. FINDINGS

The Court does not find that an award of attorney or expert fees to defendant pursuant to Section 12205 of the ADA is appropriate in this case.  The action advanced by the EEOC on behalf of Mr. Swafford was not frivolous, unreasonable, groundless or without foundation.   The Court has considered the *Myers* factors and notes that the defendant did not challenge that the EEOC had come forward with a *prima facie* case under the ADA.  The investigation undertaken by the EEOC was thorough and produced voluminous records and evidence that was used in support of the Mr. Swafford's claim of discrimination.  The failure to interview Ms. Hijem during the investigation appears to have resulted from the failure of any person to identify her as having played a significant role prior to the litigation.  Moreover, it was vigorously disputed whether Mr. Lewis was in fact insulated from the hiring decision in summary judgment proceedings and now apparently on appeal.  This case is not factually analogous to the cases cited by the defendant in support of its award for fees against the

EEOC.  That the EEOC did not ultimately prevail does mean that the action was unreasonable or without foundation, and the  dismissal of the plaintiff's claims before they reach the jury does not compel the award of attorney's fees in favor of a prevailing defendant.  Defendant has failed to meet its burden of showing that this lawsuit was frivolous, meritless, groundless or without foundation either at the time the lawsuit was filed or any time thereafter.

Nor does the Court find that an award of attorney's fees to defendant is appropriate based upon the existence of bad faith, vexatious, wanton, or oppressive conduct on the part of the EEOC before, during or after the initiation of suit.  It cannot be said that the plaintiff's case was devoid of evidence in support of the ADEA claim.  While the plaintiff allegation's failed to establish age discrimination as a matter of law, the record is clear that the EEOC was of the opinion that Mr. Swafford was the victim of discrimination.

## IV.  ORDER

**IT IS THEREFORE ORDERED** that the *Defendant's Motion for Attorneys' Fees, Paralegal's Fees, and Expert Expenses Against Plaintiff* [Clerk's Docket No. 120] is in all things **DENIED.**

**SO ORDERED**.

**SIGNED** this the **26** day of **September, 2012.**

Thad Heartfield
United States District Judge